UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMI J. B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C23-5621 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred (1) at step two, (2) by rejecting medical opinion, and (3) by rejecting her symptom testimony. Dkt. 8. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 52 years old, has at least a high school education, and has worked as a department manager and stock clerk. Admin. Record (AR) 35. In April 2019, Plaintiff applied for benefits, alleging disability as of November 29, 2018. AR 122–23, 136–37. Plaintiff's applications were denied initially and on reconsideration. AR 134, 148. After the ALJ conducted a hearing in August 2021 (AR 45–119), the ALJ issued a decision finding Plaintiff not

disabled. AR 20–44.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1. Step Two**

Plaintiff contends the ALJ erred at step two by declining to find her migraines a severe impairment. Dkt. 8 at 4–5.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities. *See Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The claimant retains the burden of proof at step two. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). "[A]n ALJ may find an impairment or combination of impairments 'not severe' at step two 'only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (quoting *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005)).

Here, the ALJ observed that migraines appeared throughout Plaintiff's record, but determined it was a non-severe impairment because they "do not have greater than minimal

limitation on [Plaintiff's] physical or mental ability to perform basic work activities." AR 26. The ALJ's finding is not supported by substantial evidence, as the ALJ does not elaborate much on his reasoning. *See id*. The few citations the ALJ did provide either did not concern Plaintiff's migraines, or undermined his finding because they show Plaintiff was experiencing headaches that developed into migraines. *See* AR 600, 638, 838, 840, 842. As Plaintiff points out, there are several treatment notes throughout her record documenting her history with this condition. *See* Dkt. 8 at 4; AR 494, 497, 499-500, 534-35, 538, 631, 704, 710, 714, 717, 721, 730, 824, 838, 841–42, 848, 886. It is not clear if the ALJ considered these records in finding Plaintiff's migraines non-severe, therefore Court cannot say the ALJ's step two finding is supported by substantial evidence. Accordingly, the Court finds the ALJ erred at step two.

An error at step two can be harmless if the ALJ proceeds with the sequential analysis and considers the non-severe impairment in determining a claimant's residual functional capacity (RFC). *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)). The Court cannot say the ALJ did so here. Defendant points out the ALJ considered treatment notes from physicians who took note of Plaintiff's reports of migraines and headaches and Plaintiff's neurological examinations. Dkt. 11 at 14–15. The ALJ certainly included those records at the RFC stage, but did so while discussing the severity of Plaintiff's fibromyalgia, not the possible effects of Plaintiff's migraines and headaches. For example, the ALJ cited to Dr. Kesting's and Dr. Layton's treatment notes—which both mention Plaintiff's migraines and headaches—but the ALJ discussed their findings as they related to Plaintiff's fibromyalgia symptoms. *See* AR 30 (citing AR 520, 607–09, 613). The ALJ's evaluation of Dr. Burbank's treatment notes and medical opinion was similarly focused on Plaintiff's fibromyalgia. *See* AR 33. An RFC assessment must take into account limitations that

have record support. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ's disregard of the records about Plaintiff's migraines and headache, even if not severe, does not assure the Court that the ALJ properly assessed Plaintiff's RFC. Accordingly, the Court finds the ALJ harmfully erred.

**2. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating Dr. Burbank's medical opinion. Dkt. 8 at 5–9.

Dr. Burbank diagnosed Plaintiff with small fiber neuropathy, migraine, vertigo with history of vestibular neuritis, and fibromyalgia. AR 757. She opined that based on Plaintiff's impairments, her ability to work eight hours a day for 40 hours a week and maintain a normal workplace is "poor." AR 758. She opined Plaintiff's symptoms are severe enough to interfere with her attention and concentration. *Id*. She opined Plaintiff is incapable of even "low stress" jobs because Plaintiff "handles stress poorly, becomes very tense[,] and [her] entire body hurts[.]" AR 759. She opined Plaintiff can stand and walk for less than two hours during an eight-hour workday, can sit for less than two hours during an eight-hour workday, and must periodically alternate between sitting, standing, or walking. *Id*. She opined Plaintiff must walk around for 30 minutes, for 10 minutes at a time. AR 760. She also opined Plaintiff needs to lie down at unpredictable intervals during a work shift, 10 times per day. *Id*. She explained Plaintiff's limitations are based on medical findings including "[l]oss of pinprick sensation" and "light touch." *Id*. She opined Plaintiff can occasionally lift less than ten pounds, rarely lift ten pounds, and never lift 20 to 50 pounds. AR 761. She explained Plaintiff's weakness in her examinations support this limitation. *Id*. She also opined that based on Plaintiff's impairments or treatment, Plaintiff would miss work more than four times a month. AR 762.

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id*.; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Here, the ALJ rejected Dr. Burbank's medical opinion because Dr. Burbank's findings are "inconsistent with the severity of [her] opined limitations." AR 33–34. How a medical source supports his or her medical opinion with relevant objective medical evidence and supporting explanations is a factor the ALJ must consider when weighing the medical opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (affirming the ALJ's rejection of a medical opinion because the medical source's assessment of severe limitations was inconsistent with the medical source's own examinations). Based on Dr. Burbank's treatment notes, the ALJ's finding is supported by substantial evidence.

Plaintiff's physical examination shows she had full strength bilaterally, normal tone in all her limbs, and could walk on heels and toes and tandem walk, though she had an "unusual waddling gait." AR 841. Her sensory assessment also showed pinprick was intact in all her limbs, though light touch was reduced in her feet. *Id*. Dr. Burbank confirmed Plaintiff's nerve conduction study was normal and told Plaintiff she suspected she had small fiber neuropathy

"which is most likely due to alcohol" and that "[t]he best thing [Plaintiff] could do for [the condition] would be to quit alcohol and try to eat a good, varied diet." AR 805. In a later appointment, Plaintiff denied overall body pain and tenderness to the touch, though she did report joint pain. AR 850. Her physical examination again showed she had full strength bilaterally and she could walk on heels and tandem walk, though her sensory assessment showed light touch was altered and pinprick was reduced in her feet. AR 852. Plaintiff's biopsy confirmed she had small fiber neuropathy, and Dr. Burbank assessed this was the cause of the pain and tingling in Plaintiff's feet. AR 777, 844.

Dr. Burbank's treatment notes certainly reflect the conditions and medical findings that served as the basis of her proposed limitations. For example, "loss of pinprick sensation" and "light touch," which Dr. Burbank listed as supporting Plaintiff's sitting, standing, and walking limitations, are present in her treatment notes. *See* AR 760, 842, 851. However, her treatment notes do not necessarily show Plaintiff should only be limited to less than two hours for those activities. *See* AR 760, 841, 850–52. Dr. Burbank also listed Plaintiff's weakness on exam as supporting Plaintiff's lifting limitation, but according to Dr. Burbank's physical examinations, Plaintiff had full strength bilaterally. *See* AR 761, 841, 850. There is also not much in Dr. Burbank's treatment notes to support her opinion about Plaintiff's inability to handle stress or Plaintiff's absenteeism. Overall, there is a lack of medical evidence and explanation that demonstrate Plaintiff's conditions necessarily warrant Dr. Burbank's proposed limitations. The ALJ, therefore, could reasonably find Dr. Burbank's opinion unsupported by her own treatment notes.

The ALJ also rejected Dr. Burbank's opinion because it is inconsistent with other objective medical evidence. AR 33. However, the ALJ does not cite to any records in particular

to support this finding. *See id*. "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. Defendant directs the Court to records the ALJ cited earlier in his decision, but the ALJ considered those records in evaluating Plaintiff's symptom testimony, not Dr. Burbank's medical opinion. *See* Dkt. 11 at 12–13. The Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). As the Court cannot consider records the ALJ did not actually use as the basis for his reasoning, the Court finds the ALJ's inconsistency finding not supported with substantial evidence and thus erroneous. Nonetheless, because the ALJ's supportability finding was supported by substantial evidence, this error is deemed harmless.[1] *See Woods*, 32 F.4th at 793 (affirming the ALJ's rejection of a medical opinion based only on the ALJ's proper inconsistency finding).

Plaintiff also contends the ALJ's RFC assessment is not supported by substantial evidence because of the ALJ's erroneous evaluation of Dr. Burbank's medical opinion. Dkt. 8 at 8. However, the Court has found the ALJ properly rejected Dr. Burbank's medical opinion, therefore, Plaintiff has failed to show error with the ALJ's RFC assessment based on the ALJ's evaluation of Dr. Burbank's medical opinion. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations

---

[1] The ALJ also pointed out Dr. Burbank had only seen Plaintiff "a couple of times" prior to providing her opinion. AR 33. While a medical source's relationship with the claimant is another factor the ALJ can consider, it is not the most important one. *See Woods*, 32 F.4th at 792 ("the ALJ no longer needs to make specific findings regarding these relationship factors"). At most, this finding strengthens the ALJ reasoning in rejecting Dr. Burbank's medical opinion when compounded with the ALJ's proper supportability finding.

supported by substantial evidence in the record). However, as discussed in the previous section, and in the next section, the ALJ erred in other aspects. Therefore, on remand, the ALJ will nonetheless reassess Plaintiff's RFC. *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

**3. Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred in rejecting her physical and mental symptom testimony. Dkt. 8 at 9–16.

Plaintiff testified to fibromyalgia, with pain affecting mostly her feet, legs, and hands. AR 71. She stated she has taken medication for her pain and participated in physical therapy, but they have not provided relief. AR 70–72. She explained she can walk for about five minutes, stay on her feet for 20 to 25 minutes, and sit for 20 to 25 minutes at a time. AR 100–04, 107. She explained when sitting, she has to constantly shift, and she has to elevate her feet 25 percent of the time she is awake. AR 102, 107. Plaintiff also testified to tingling sensation in her hands and forearms. AR 108.

As for her mental health, Plaintiff testified to anxiety and depression. AR 73–74. She stated she had been on medication, but it did not help, and had participated in some counseling. AR 74, 99. She testified her anxiety does not have a particular cause and can just happen. AR 98. She stated that because of her anxiety, she has trouble talking to people, understanding what others are saying, expressing herself, and problems with her memory. AR 99. She explained she has anxiety a few times a week. AR 100.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first rejected Plaintiff's testimony about her physical symptoms based on its inconsistency with objective medical evidence. AR 30–31. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. The records the ALJ cited to include treatment notes from Plaintiff's neurological and physical examinations showing Plaintiff had normal spinal alignment, moderate tenderness, full range of motion with her shoulders, and normal muscle strength. *See* AR 607, 520, 550, 566, 841. However, records pertaining to claimant who has been diagnosed with fibromyalgia must be construed in light of the condition's "unique symptoms and diagnostic methods," namely the claimant's reports of pain and other symptoms. *See Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). Here, the ALJ relied primarily on objective medical evidence, including physical and neurological examinations. *See* AR 30–31. The ALJ did briefly consider Plaintiff's reports of pain, pointing out Plaintiff's fibromyalgia symptoms were "fairly stable," and that Plaintiff denied "overall body pain." *See* AR 30 (citing AR 520). However, the ALJ ignored other treatment records showing Plaintiff continued to report joint pain, numbness, and poor strength, most of which are symptoms of fibromyalgia. *See* Social Security Ruling (SSR) 12-2p, fn. 9; AR 447, 450, 504, 550, 564, 569, 630, 706–07, 709, 714, 717, 727, 842, 851–82, 865–66. By failing to address these records, the ALJ erred. The ALJ also pointed out Plaintiff declined to add any medication to address her fibromyalgia symptoms. AR 30 (citing AR 520, 613). An ALJ is permitted to infer that a

claimant's allegations of pain are not as disabling when the claimant fails to seek an aggressive or alternative treatment after finding other measures ineffective. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). But Plaintiff testified to experiencing side effects from her fibromyalgia medication. *See* AR 110–11. An ALJ must consider the "side effects of any medication an individual takes or has taken" when evaluating a claimant's symptom testimony. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p. The ALJ did not do so here, therefore the Court cannot say Plaintiff's conservative treatment serves as a valid basis to reject Plaintiff's testimony.

The ALJ also rejected Plaintiff's testimony regarding her mental symptoms based on objective medical evidence. AR 31–32. As stated above, objective medical evidence inconsistent with the claimant's subjective testimony can undercut a claimant's testimony. *Smartt*, 53 F.4th at 498. In rejecting her testimony, the ALJ focused on Plaintiff's alert and oriented presentation, though Plaintiff's record also includes several observations of anxiety, which is not inconsistent with Plaintiff's testimony that she experiences anxiety several times a week. *See*, *e.g.*, AR 495–63, 502, 514, 537, 590–91, 600, 602, 620, 651, 697, 706, 839. However, the records pointed to by the ALJ, as well as those proffered by Plaintiff, also show Plaintiff's memory and concentration were generally intact despite Plaintiff's reports of anxiety, which undermine Plaintiff's testimony about how anxiety affects her memory. *See* AR 539, 590–91, 697, 649, 697, 699.

The ALJ also pointed out Plaintiff experienced some improvement in her symptoms and declined to increase the dosage of her medication. AR 32. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d

1001, 1006 (9th Cir. 2006).  The record the ALJ points to shows Plaintiff found medication "helpful," but there is not much else showing her symptoms were effectively controlled.  Again, the record shows Plaintiff continued to report anxiety or appeared anxious.  *See, e.g.,* AR 537, 590, 600, 602, 620, 649, 697, 701.  Plaintiff's conservative treatment would also normally be a valid basis for discounting her testimony, but her record also includes reports of side effects.  *See* AR 503, 506, 512, 674.  As stated above, an ALJ must consider the side effects of the medication when evaluating a claimant's symptom testimony.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p.  The ALJ did not do so here, therefore in rejecting Plaintiff's testimony regarding her anxiety based on her treatment history, the ALJ erred.

Finally, in rejecting both Plaintiff's physical and mental symptom testimony, the ALJ cited Plaintiff's level of activity.  AR 32–33.  An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level.  *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).  Specifically, the ALJ pointed to Plaintiff's ability to take care of her two grandchildren every weekday for 10 hours a day, handle her finances, take care of her dog, and perform household chores.  AR 32.  During the hearing, Plaintiff testified she makes her grandchildren's breakfast and lunch, reads books to them, plays games with them, and watches them play outside.  AR 82–83.  She also stated she runs errands when needed and drives to visit her significant other.  AR 77, 85–87, 95, 97.  Plaintiff's ability to care for her grandchildren for 50 hours a week and engage in everyday chores indicate greater physical ability than she testified to and thus undermines Plaintiff's testimony about the severity of her physical limitations.  The ALJ, therefore, could reasonably reject Plaintiff's physical symptom testimony based on her activity level.  *See Smartt*, 53 F.4th 489, 500–01 (finding the ALJ reasonably discounted a claimant's testimony based on claimant's

activities, including cooking, cleaning, caring for her daughter, shopping for groceries, playing board games). However, the ALJ failed to explain how these activities necessarily negate Plaintiff's testimony about her anxiety, therefore the ALJ erred in this regard.

In sum, the Court finds the ALJ partially erred in rejecting Plaintiff's symptom testimony. The ALJ provided at least one valid reason to reject Plaintiff's physical symptom testimony, therefore any erroneous reasons proffered by the ALJ in rejecting this portion of Plaintiff's testimony is deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). However, the same cannot be said for the ALJ's treatment of Plaintiff's mental symptom testimony, as the ALJ's reasons for rejecting that portion of Plaintiff's testimony were not supported by substantial evidence.

**4. Scope of Remedy**

Plaintiff urges the Court to remand this matter for an award of benefits based on the ALJ's misevaluation of Dr. Burbank's medical opinion, or alternatively, for further proceedings. Dkt. 8 at 16–17. However, the Court found ALJ properly rejected Dr. Burbank's medical opinion due to its lack of supportability. Further, remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Court must analyze a three-step framework to decide whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record

has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  And "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).  Here, the first step is met as the Court has found the ALJ erred at step two and evaluating part of Plaintiff's symptom testimony.  However, the Court cannot say there are no outstanding issues that need resolving, especially because part of the ALJ's errors were based on his inadequate review of Plaintiff's record.  Accordingly, the Court finds remanding for further proceedings the appropriate remedy.  On remand, the ALJ should reevaluate step two and Plaintiff's mental symptom testimony, reevaluate all relevant steps of the disability evaluation process, and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

//

//

DATED this 15th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS - 14