1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMI J. BAKER,

                 Plaintiff,

      v.

COMMISIONER, SOCIAL SECURITY
ADMINISTRATION,

                 Defendant.

Case No. C23-5621-RSM

ORDER GRANTING
PLAINTIFF'S MOTION FOR
ATTORNEY FEES UNDER THE
EQUAL ACCESS TO JUSTICE
ACT, 28 U.S.C. § 2412(D)

This matter comes before the Court on Plaintiff's Stipulated Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. #15.

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory.  *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995).  Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person."  *Pierce v.*

ORDER FOR EAJA FEES - 1

1   *Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the

2   discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).  Attorneys' fees

3   under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424,

4   433 (1983).

5          This Motion is timely.  Furthermore, upon review of the Motion and the record, the Court

6   determines that Plaintiff is the prevailing party and the Government's position was not

7   substantially justified.  Furthermore, "Plaintiff contacted Defendant [Commissioner] regarding

8   this application and no objection was made against the total requested fee."  Dkt. #15 at 1.

9   Defendant Commissioner has not filed any objection nor response to Plaintiff's Motion.  Under

10  Local Civil Rule 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers

11  in opposition to a motion, such failure may be considered by the court as an admission that the

12  motion has merit."  The Court concludes that Plaintiff's requested EAJA fees in the amount of

13  $9,175.81 are reasonable.

14         For the reasons set forth above, the Court ORDERS that Plaintiff's Motion, Dkt. #15, is

15  GRANTED.  The Court awards Petitioner fees in the amount of $9,175.81 to be paid by Defendant,

16  subject to verification that Plaintiff does not have a debt which qualifies for offset against the

17  awarded fees, pursuant to the Treasury Offset Program discussed in *Astrue v. Ratliff*, 560 U.S. 586

18  (2010).  If Plaintiff has no debt, the check shall be made out to Plaintiff's attorney, H. Peter Evans.

19  If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made

20  to Plaintiff's attorney.

21         DATED this 25th day of March, 2024.

22

23                                                          RICARDO S. MARTINEZ

24                                                          UNITED STATES DISTRICT JUDGE

ORDER FOR EAJA FEES - 2